UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY B. MCCLAIN<br><br>Plaintiff,<br><br>-v-<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Jeffrey B. McClain, for his complaint against Diversified Consultants, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, Jeffrey B. McClain ("Mr. McClain"), is a natural adult person residing in Schaumburg, Illinois, and is a "consumer" and "person" as those terms are defined and/or used within the FDCPA and ICFA.

5. Defendant, Diversified Consultants, Inc., is a Florida corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. In its communications to consumers, Defendant identifies itself as a "debt collector."

7. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

8. Defendant is a "person" as that term is defined and/or used within the ICFA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Mr. McClain was checking his credit reports, he discovered an entry bearing Defendant's name that was reporting in a collection status. Relevant pages from Mr. McClain's Trans Union credit report, dated January 16, 2019, are attached to this complaint as Exhibit A.

11. Mr. McClain also noticed on his credit report that Defendant had updated its reporting of the collection account as recently as December 9, 2018. *See* Exhibit A.

12. On or around January 16, 2019, Mr. McClain accessed Defendant's website to ascertain more information about the debt Defendant was attempting to collect from him. Screenshots of

Defendant's webpages accessed by Mr. McClain are attached collectively to this complaint as Exhibit B (the "Payment Portal").

13. During Mr. McClain's access to the Payment Portal, Defendant identified itself to Mr. McClain as a debt collector attempting to collect upon a debt. *See* Exhibit B.

14. During Mr. McClain's access to the Payment Portal, Defendant attempted to collect a consumer debt from Mr. McClain that was originally incurred to *Dish Network* (the "Subject Debt"). *See* Exhibit B.

15. Upon information and belief, as of January 16, 2019, the date of Mr. McClain's accessing of the Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period.

16. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

17. Defendant attempted to collect the Subject Debt from Mr. McClain during his accessing of the Payment Portal, including offering him "Payment Options." *See* Exhibit B.

18. Despite the time-barred status of the Subject Debt, at no point during Mr. McClain's assessing of the Payment Portal did Defendant disclose or explain to him that the Subject Debt was time-barred or that Defendant could not sue him to collect it.

19. Despite the time-barred status of the Subject Debt, at no point during Mr. McClain's assessing of the Payment Portal did Defendant disclose or explain to Mr. McClain that by paying, or just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt

3

as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Mr. McClain to further legal liability.

20. As of January 16, 2019, the Subject Debt was reporting as past due on Mr. McClain's credit reports in an active collection status, having last been updated by Defendant on December 9, 2018. *See* Exhibit A.

21. After a reasonable time to conduct discovery, Mr. McClain believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Plaintiff was misled by Defendant's collection actions.

23. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him on time-barred debt(s) and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

25. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

26. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

GROUNDS FOR RELIEF

COUNT I
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f through its representations and/or omissions to Plaintiff on the Payment Portal, in conjunction with its December 9, 2018 adverse credit reporting, namely, by attempting to collect the Subject Debt from Plaintiff despite omitting the disclosure of any information to Plaintiff whatsoever regarding the Subject Debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt.

30. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

31. Such representations and/or omissions served only to confuse and mislead Plaintiff in the hopes that he waived his rights and affirmative defenses under the law, as Plaintiff was unable to adequately determine the present legal status of the Subject Debt based upon Defendant's

representations and/or omissions, nor able to understand the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

32. As an experienced debt collection agency, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive the consumer.

33. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of Defendant's representations and/or omissions regarding the status of the Subject Debt, as well as its ability to legally collect it.

34. As set forth in paragraphs 22 through 26, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as outlined in this complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS § 505/2*

35. All prior paragraphs are incorporated into this count by reference.

36. Defendant's collection activity in connection with the Subject Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

37. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

38. Defendant violated ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive practices in its attempts to collect the Subject Debt as described in this complaint.

39. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff by, *inter alia*, attempting to collect the Subject Debt from Plaintiff through the Payment Portal despite omitting the disclosure of any information to Plaintiff whatsoever regarding the Subject Debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the Subject Debt.

40. Defendant intended that Plaintiff rely on its deceptive misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his legal rights.

41. As set forth in paragraphs 22 through 26, *supra*, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as outlined in this complaint.

42. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

43. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jeffrey B. McClain, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory and/or punitive damages, in such amounts as determined by the jury, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 15th day of February, 2019.                Respectfully Submitted,

                                            */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                           */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC